Jeff **FLAKES**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 42046.**

Court of Criminal Appeals of Texas.

April 30, 1969.

 

John W. O'Dowd, Walter Boyd, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert Bennett, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for aggravated assault; the punishment, one year in jail.

The appellant contends that the trial court erred in failing to charge the jury that before they could find him guilty they must find that he had the specific intent to harm the injured party and in failing to charge the jury on the issue of self-defense.

The evidence reveals that the appellant and the injured party, Allen Mitchell, Jr., had an argument following a collision of their automobiles. When Mitchell started to enter a nearby lounge to call the police, the appellant shoved Mitchell into a group of appellant's friends who began to beat and kick Mitchell. The testimony of the state further shows that at this time the appellant attacked Mitchell with a knife seven or eight inches long and cut Mitchell with it on his lower lip which required seven stitches. The appellant and the others in the group then left together in appellant's car.

The appellant testified that he did not have a knife in his possession at any time on the night the cutting occurred; that he did not cut Mitchell; that he did not ask or encourage anyone to cut Mitchell; and that he never intended to injure Mitchell. The witnesses called by the appellant testified that following the collision Mitchell, who was intoxicated, pushed the appellant; that Hillard Smith and several other persons who were unassociated with the appellant assaulted Mitchell and that it was Smith who cut Mitchell and not the appellant.

 The denial by the appellant and his witnesses that he cut Mitchell with a knife or that he participated in any manner with the cutting fails to raise any issue of lack of specific intent to injure. Further, the evidence is insufficient to raise the issue of self-defense. Therefore, the failure of the trial court to charge the jury as the appellant requested was not error.

The judgment is affirmed.